*148 MEMORANDUM **
Salvador Villanueva appeals his conviction and sentence for conspiring to traffic in counterfeit goods in violation of 18 U.S.C. §§ 371 and 2320(a), smuggling goods into the United States in violation of 18 U.S.C. § 545, and attempting to traffic in counterfeit goods in violation of 18 U.S.C. § 2320. Villanueva argues that the district court erred in admitting statements he made to customs officials and also challenges his sentence.
Villanueva contends that the district court erred in admitting statements in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although he admits he received Miranda warnings, Villanueva contends that the government subjected him to an impermissible two-step interrogation process prohibited by Missouri v. Seibert, 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). Miranda warnings are only required when a defendant is subjected to custodial interrogation. Miranda, 384 U.S. at 444, 86 S.Ct. 1602. Recognizing that the standard for custody is more permissive in the context of border stops, we conclude that Villanueva was not in custody for purposes of Miranda. Cf. United States v. Butler, 249 F.3d 1094, 1100-01 (9th Cir.2001) (holding defendant was only in custody after being locked in a holding cell).
Villanueva challenges his 63-month sentence on three grounds: (1) that application of Booker’s remedial opinion violated his right to constitutional protection against ex post facto laws, (2) that the district court erred in refusing to grant him a downward adjustment for playing a minor role in the conspiracy, (3) that the district court erred in calculating the infringement amount, and (4) that his sentence was unreasonable.
Villanueva’s claim that the district court violated his constitutional protection against ex post facto laws when it applied the Booker remedial opinion to his sentence is contrary to controlling precedent. We previously explained that the prohibition against ex post facto laws does not apply to judicial adjustments to sentencing schemes, and that a defendant is not protected from a change in sentencing law merely because it would disadvantage him. United States v. Dupas, 419 F.3d 916, 920-21 (9th Cir.2005) as amended.
Villanueva also argues that the district court should have granted him a downward adjustment for his minor participation in the conspiracy. He contends both that the district court failed to compare his participation to that of all conspiracy participants and that the government presented insufficient evidence to support a finding that he played more than a minor role. The record does not support this contention. The transcript of the sentencing hearing indicates that the district court considered the role of all participants and, on this record, the court did not abuse its discretion in deciding that Villanueva was more than a minor participant.
Villanueva also appeals his sentence on the grounds that the district court improperly calculated his base offense level. We recently outlined a two-step inquiry in sentence appeals. If the district court made a “material error” in the Guidelines calculation that serves as the starting point for the sentencing decision, we remand for resentencing without reaching the issue of whether the sentence is reasonable under 18 U.S.C. § 3553(a). United States v. *149 Cantrell, 433 F.3d 1269, 1280-81 (9th Cir. 2006).
As to the calculation of his sentence, Villanueva argues that the district court erred by adopting the Presentence Report’s recommendation on the infringement amount without making an independent finding, and that the infringement amount was not found by the jury beyond a reasonable doubt. The district court explicitly stated that it did not rely on the Presentence Report, but rather on trial testimony, in calculating Villanueva’s base offense level. Additionally, a specific factual finding by the jury on the loss amount was not required. United States v. Booker, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (“[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.”).
Villanueva also argues that the district court erred in determining his base offense level. To determine Villanueva’s sentence, the district court consulted Sentencing Guideline § 2B5.3, “Criminal Infringement of Copyright or Trademark,” which provides a base offense level of 8 for conspiring to traffic in counterfeit goods. U.S. Sentencing Guidelines Manual § 2B5.3(a). Because Villanueva imported counterfeit items, the district court increased his base offense level by 2 levels. U.S. Sentencing Guidelines Manual § 2B5.3(b)(3). After the district court concluded the total infringement amount attributable to Villaneuva exceeded $5,000, pursuant to § 2B5.3(b)(1), the court consulted the table in § 2B1.1 to determine how many levels to add to his base offense level. The court added 18 levels because the loss amount attributable to Villanueva exceeded $2.5 million. U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(J).
In determining that the infringement amount exceeded $2.5 million, the court did not state whether it relied on the value of the infringed items or the infringing items, and did not explain its apparent reliance on the value of the infringing items, as required by Guideline § 2B5.3, Application Note 2. This omission requires resentencing in accord with the requirements of Guideline § 2B5.3, Application Note 2. We do not reach the question of whether Villanueva’s sentence was reasonable under § 3553(a). See Cantrell, 433 F.3d at 1280-81.
We AFFIRM the conviction, VACATE the sentence, and REMAND for resentencing consistent with this disposition.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.